UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SHAMEER ESAHACK,

                              Plaintiff,

          -against-

J.P. CONSTRUCTION & TILE, INC., 148 DESIGN
LLC, and JITENDRA PANDAY,

                            Defendants.
-----------------------------------------------------------------------X

Index No. 18-CV-06000
(ERK)(VMS)

**ANSWER**

        Defendants J.P. Construction & Tile, Inc. ("J.P. Construction"), 148 Design LLC ("148 Design") and Jitendra Panday ("Panday") (collectively known as "Defendants"), by their attorneys, **FRANKLIN, GRINGER & COHEN, P.C.**, as and for their answer to the Complaint ("Complaint"), allege as follows:

        1.     The first paragraph of the Complaint sets forth that Plaintiff is bringing this action pursuant to the Fair Labor Standards Act ("FLSA") and, as such, does not set forth any allegations of fact; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

        2.     The second paragraph of the Complaint sets forth that Plaintiff is bringing this action pursuant to the New York Labor Law ("NYLL") and, as such, does not set forth any allegations of fact; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

        3.     Defendants deny the allegations set forth in the third paragraph of the Complaint.

        4.     The fourth paragraph of the Complaint sets forth jurisdictional invocations that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations

of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

5. The fifth paragraph of the Complaint sets forth venue invocations that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

6. Defendants deny the allegations set forth in the sixth paragraph of the Complaint and refer all questions of law to the Court.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the seventh paragraph of the Complaint.

8. Defendants admit the allegations set forth in the eighth paragraph of the Complaint.

9. Defendants admit the allegations set forth in the ninth paragraph of the Complaint.

10. Defendants deny the allegations set forth in the tenth paragraph of the Complaint.

11. Defendants deny the allegations set forth in the eleventh paragraph of the Complaint except admit that Defendant Jitendra Panday was the owner of both companies.

12. Defendants deny the allegations set forth in the twelfth paragraph of the Complaint.

13. Defendants deny the allegations set forth in the thirteenth paragraph of the Complaint.

14. Defendants deny the allegations set forth in the fourteenth paragraph of the Complaint.

15. Defendants deny the allegations set forth in the fifteenth paragraph of the Complaint.

16. Defendants deny the allegations set forth in the sixteenth paragraph of the Complaint.

17. Defendants deny the allegations set forth in the seventeenth paragraph of the Complaint except admit that Plaintiff was employed by J.P. Construction.

18. Defendants deny the allegations set forth in the eighteenth paragraph of the Complaint.

19. Defendants deny the allegations set forth in the nineteenth paragraph of the Complaint.

20. Defendants deny the allegations set forth in the twentieth paragraph of the Complaint.

21. Defendants deny the allegations set forth in the twenty-first paragraph of the Complaint.

22. Defendants deny the allegations set forth in the twenty-second paragraph of the Complaint.

23. Defendants deny the allegations set forth in the twenty-third paragraph of the Complaint.

24. Defendants deny the allegations set forth in the twenty-fourth paragraph of the Complaint.

25. The twenty-fifth paragraph of the Complaint sets forth legal conclusions that the Defendants are not required to answer; to the extent such complaint contains any factual allegations, Defendants deny those allegations.

26. Defendants deny the allegations set forth in the twenty-sixth paragraph of the Complaint.

27. Defendants deny the allegations set forth in the twenty-seventh paragraph of the Complaint.

28. Defendants deny the allegations set forth in the twenty-eighth paragraph of the Complaint.

29. Defendants deny the allegations set forth in the twenty-ninth paragraph of the Complaint.

30. Defendants deny the allegations set forth in the thirtieth paragraph of the Complaint.

31. Defendants deny the allegations set forth in the thirty-first paragraph of the Complaint.

32. Defendants admit the allegations set forth in the thirty-second paragraph of the Complaint.

33. Defendants admit the allegations set forth in the thirty-third paragraph of the

Complaint.

34. The thirty-fourth paragraph of the Complaint sets forth legal conclusions that the Defendants are not required to answer; to the extent such complaint contains any factual allegations, Defendants deny those allegations.

35. Defendants deny the allegations set forth in the thirty-fifth paragraph of the Complaint.

36. Defendants deny the allegations set forth in the thirty-sixth paragraph of the Complaint.

37. The thirty-seventh paragraph of the Complaint contains no allegations of fact; to the extent such complaint contains any factual allegations, Defendants deny those allegations.

38. The thirty-eighth paragraph of the Complaint contains no allegations of fact; to the extent such complaint contains any factual allegations, Defendants deny those allegations

39. As to Paragraph 39 of the Complaint, Defendants repeat and reallege their answers to each and every allegation set forth in Paragraphs 1 to 38 of the Complaint as if fully set forth herein.

40. The fortieth paragraph of the Complaint sets forth legal conclusions that the Defendants are not required to answer; to the extent such complaint contains any factual allegations, Defendants deny those allegations except admit that Plaintiff was employed by J.P. Construction.

41. The forty-first paragraph of the Complaint sets forth legal conclusions that the Defendants are not required to answer; to the extent such complaint contains any factual allegations, Defendants deny those allegations.

42. Defendants deny the allegations set forth in the forty-second paragraph of the Complaint.

43. Defendants deny the allegations set forth in the forty-third paragraph of the Complaint.

44. Defendants deny the allegations set forth in the forty-fourth paragraph of the Complaint.

45. As to Paragraph 45 of the Complaint, Defendants repeat and reallege their answers to each and every allegation set forth in Paragraphs 1 to 44 of the Complaint as if fully set forth herein.

46. The forty-sixth paragraph of the Complaint sets forth legal conclusions that the Defendants are not required to answer; to the extent such complaint contains any factual allegations, Defendants deny those allegations except admit that Plaintiff was employed by J.P. Construction.

47. Defendants deny the allegations set forth in the forty-seventh paragraph of the Complaint.

48. Defendants deny the allegations set forth in the forty-eighth paragraph of the Complaint.

49. Defendants deny the allegations set forth in the forty-ninth paragraph of the Complaint.

50. Defendants deny the allegations set forth in the fiftieth paragraph of the Complaint.

51. As to Paragraph 51 of the Complaint, Defendants repeat and reallege their answers to each and every allegation set forth in Paragraphs 1 to 50 of the Complaint as if fully set forth herein.

52. The fifty-second paragraph of the Complaint sets forth legal conclusions that the Defendants are not required to answer; to the extent such complaint contains any factual allegations, Defendants deny those allegations except admit that Plaintiff was employed by J.P. Construction.

53. Defendants deny the allegations set forth in the fifty-third paragraph of the Complaint.

54. Defendants deny the allegations set forth in the fifty-fourth paragraph of the Complaint.

55. Defendants deny the allegations set forth in the fifty-fifth paragraph of the Complaint.

56. Defendants deny the allegations set forth in the fifty-fifth paragraph of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

57. The Complaint fails to state any claims by Plaintiff against Defendants upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods and/or by the doctrine of laches.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

59. Defendants did not engage in willful conduct in violation of the NYLL and FLSA and at all times relevant to this action, acted in good faith and based upon a reasonable belief that its acts or omissions were not in violation of the NYLL and FLSA.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

60. Plaintiff is not entitled to recover any damages pursuant to New York Labor Law §§195 and 198 for alleged failure to provide a wage notice and statement on the basis that if it is found that Defendants did not satisfy its requirements under the statute, Defendants had a good faith and reasonable basis for not providing such wage notice and statement.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

61. In the event the Plaintiff is entitled to recover pursuant to New York Labor Law §§195 and 198 for Defendants' alleged failure to provide a wage notice and statement, Plaintiff's damages are capped pursuant to statute.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

62. Plaintiff is not entitled to liquidated damages because Defendants acted in good faith and had reason to believe its actions and/or omissions did not willfully violate federal and/or state law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

63.    Plaintiff's claims are barred, in whole or in part, by equitable defenses, including the doctrines of equitable estoppel, waiver and/or unclean hands.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

64.    Plaintiff's claims are barred by the applicable statute of limitations. Alternatively, Plaintiff is barred from recovery for some of the alleged conduct because it took place more than three or six years before the instant Complaint was filed.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

65.    Plaintiff was compensated at all times in accordance with federal and state law.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint in its entirety.

Dated: Garden City, New York
       March 29, 2019

Respectfully submitted,

By: _____
Daniel P. Carrascal, Esq.
Joshua A. Marcus, Esq.
**FRANKLIN, GRINGER & COHEN, P.C.**
*Attorneys for Defendants*
666 Old Country Road, Suite 202
Garden City, NY 11530-2013
(516) 228-3131
dcarrascal@franklingringer.com
jmarcus@franklingringer.com

To:    Abdul K. Hassan, Esq.
       *Attorney for Plaintiff*
       215-28 Hillside Avenue
       Queens Village, NY 11427
       (718) 740-1000
       adbul@abdulhassan.com